UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        CASE NO.: 1:21-MJ-95

    Plaintiff,

vs.

GABRIEL GARCIA,

    Defendant.

_____/

## MOTION FOR REVIEW OF RELEASE ORDER

COMES NOW, the Defendant, Gabriel Garcia, and files his Motion for Review of the Release Order, pursuant to 18 U.S.C. § 3145(a) and states the following grounds:

### FACTUAL GROUNDS

1. On January 19, 2021, the FBI arrested Mr. Garcia, and they brought him before a Magistrate in the Southern District of Florida for his initial appearance.

2. Magistrate Torres issued the following release conditions: $100,000 Surety bond ("a 10% bond"), $200,000 signature bond, participate in a mental health assessment, and "refrain from possessing a firearm . . . or other dangerous weapons."

3. Garcia posted bond. Subsequently, he reported to the offices of his Pretrial Officer in Miami, Florida. Before going through the metal detector at building's entrance, he placed his 3-inch common pocketknife in the bin with his other metal objects. The pocketknife had a blade less than 3.5 inches, which Florida law expressly excludes as a weapon. Fla. Stat. § 790.001(13). This was a pocketknife he regularly uses for work; Mr. Garcia owns a small roof repair company in Miami-Dade Florida.

4. The security guards kept his pocketknife and reported the incident to Mr. Garcia's Pretrial Officer,

5. Later, upon his first appearance before a Magistrate in the District of Columbia, the Government asked for a GPS monitor and a curfew as conditions to be added due to the pocketknife, and the Court granted the request. (Release Order attached).

6. Mr. Garcia has no criminal history. He served honorably in Iraq and for 17 years in the Army, finishing his service at the rank of Captain.

7. Importantly, the Government is not alleging he surreptitiously tried to sneak it in. The Government is only alleging that his possession of a common pocketknife "was concerning" based on the allegations in the pending criminal complaint.

8. The Government is not entitled to any presumptions of dangerousness or risk of flight here. Critically, none of the current charges involve violence upon another or destruction of property.

9. Mr. Garcia requests a hearing to resolve this issue before a District Judge, who conducts a de novo review of the Magistrate's Order. 18 U.S.C.A. § 3145(a)(1).

## MEMORANDUM OF LAW

Mr. Garcia is entitled to seek a de novo review of the Magistrate's Release Order before a district judge. 18 U.S.C. A. § 3145(a)(1); *United States v. Hudpseth*, 143 F.Supp.2d, 32, 36. (D.D.C. 2001). In this regard, the District Court may hear additional evidence and rely on its own reasons or analysis. 18 U.S.C.A. § 3141.

Mr. Garcia asserts the following reasons why the Magistrate should not have altered his bond conditions due to his possession of a common pocketknife. First, a common pocketknife is expressly excluded from the definition of a weapon under Florida law. Fla. Stat. § 790.001(13) ("Weapon" means any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a *common pocketknife,*

plastic knife, or blunt-bladed table knife) (emphasis added); *Messieno v. State,* 174 So. 2d 1180 (Fla. 5th DCA 2015) (holding that probationer did not violate her probation condition of no possession of weapons, because a common pocketknife is not considered a weapon under Florida law). As such, Mr. Garcia's pocketknife, which had a 3-inch blade, fits within Florida's definition of a common pocketknife, and he regularly uses it for his roof repair business. In his work, he uses this pocketknife or a box cutter to pierce some of the thicker wraps. Notably, his office is less than a mile from the Pretrial Services Office.

Further, Mr. Garcia's bond release conditions expressly state he cannot possess any dangerous weapons. (See subsection K of Special Conditions of Bond from Magistrate Torres' Bond from the initial appearance in Miami). While there is a federal-state overlap here, what is clear is that, under Florida law, Mr. Garcia did not possess a weapon, much less a dangerous weapon. Additionally, the Government is not entitled to any presumptions of dangerousness or flight risk to justify the GPS and curfew restrictions. Also, Mr. Garcia was a 17-year Army veteran and retired as a Captain, serving honorably in Iraq in 2008. He has no criminal history and no history of violence.

WHEREFORE, Mr. Garcia respectfully moves the District Court to remove the GPS and curfew release conditions.

Respectfully submitted,

**/s/Aubrey Webb**
Aubrey Webb
55 Merrick Way, Suite 212
Coral Gables, Florida 33134
305-461-1116
Email: aubrey@aqwattorney.com

**/s/Charles R. Haskell**
Law Offices of Charles R. Haskell
641 Indiana Ave. N.W.,
Washington D.C. 20004
202-888-2728
Email: Charles@CharlesHaskell.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was efiled to the Office of the Clerk, United States District Court, District of Columbia, 333 Constitution Ave., N.W. Washington D.C. 20001, Room 1225 and to the Office of the United States Attorney, 555 4th St N.W., Washington D.C. 20530, on this 15th day of February 2021.

/s/Aubrey Webb